# Day & Night National Bank of Pikeville v. Polley.

(Decided Dec. 21, 1934.)

ANDREW E. AUXIER for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The Day & Night National Bank of Pikeville, Ky., has appealed from a judgment dismissing its petition against J. B. Polley.

On January 10, 1932, this bank sued W. B. May, J. E. Polley, and J. B. Polley upon a note for $2,222.22, dated April 22, 1924, then executed by the J. E. Polley Coal Company to J. B. Polley, W. B. May, and J. E. Polley, and by them transferred and assigned to it. The bank acknowledged receipt of interest thereon to April 22, 1926, and some small payments thereon, subject to which it sought judgment against these defendants.

Judgment by default went against W. B. May and J. E. Polley, both of whom the proof shows are now insolvent.

J. B. Polley pleaded non est factum, and the bank pleaded he was estopped to assert or rely upon such a plea because he had been from January 10, 1922, until 1926 one of its directors, and knew of said note which was a renewal of a similar note first executed on June 22, 1923, in the same form as now, and that the note sued on is the last of several renewals of said original note, in the same form, and on each and all thereof the name of J. B. Polley appeared as an indorser, and that he assisted in examining and reporting on the notes owned and held by the bank, including this one, with full knowledge his name appeared thereon, and that in 1925 he was a member of the examining committee that went over the affairs of the bank, and that among other things it was reported by said committee to the Comp-

troller of the Currency that said committee, including said defendant, had examined the notes then owned and held by said bank; had found them to be in balance with the general ledger of the bank, and that all of said notes, including the note sued on herein, were good and collectable.

To this J. B. Polley responded by saying his name appeared on none of these notes but the one sued on, and that, while he admits he was a member of this examining committee, he denied that as a member of said committee he actively participated in the duties thereof, including those above stated with reference to all or any of the notes owed to or held by said bank, including the notes heretofore mentioned; denied that he assisted in examining or reporting on with full or any knowledge of all the notes held or owned by plaintiff, or that he had full knowledge as a director, stockholder, or as a member of said committee; and denied that his name appeared on each of said notes or renewals thereof as indorser.

The proof showed J. B. Polley had not attended any meeting of the directors after June 22, 1923, and he says he first heard of this note October 6, 1924, when the J. E. Polley Coal Company became insolvent. Defendant relies upon this provision of the Ky. Stats.:

"Sec. 3720b-23. Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

The word "preclude" as there used is synonymous with estop. See Baskett v. Ohio Valley Banking & Trust Co., 214 Ky. 41, 281 S. W. 1022. We fail to find anything said or done by Mr. Polley that induced this bank to change its position in any way, nor is it shown that this bank was insolvent and Mr. Polley knowingly allowed this note to remain in there and help the bank make an appearance of solvency, as was done in the case of Denny v. Fishter, 238 Ky. 127, 36 S. W. (2d) 864, so we conclude Mr. Polley was not estopped to

plead non est factum, but it is shown Mr. Polley was a member of the examining committee that on January 13, 1925, made and signed a rather detailed report to the Comptroller of the Currency, concerning this bank in which this appears:

"We also run the notes and found them to be in balance with the general ledger of the bank, amount $428,778.66. Past Due paper $28,590.00. Amount in the hands of attorney for collection $9,604.10. We believe this paper all good and collectable. We did not find any erasures or any incorrect entries. We the examining committee believe the bank to be solvent, and make this report and believe it to be true to the best of our knowledge and belief.

"Ollie May
"Jno. A. McCown } Examining Committee."
"J. B. Polley

If Mr. Polley did what he says in that report, then he saw the entry on the discount ledger showing the maker of all notes and all indorsers as the evidence shows; hence he saw his name as an indorser of this one. He cannot say he did not. He knew then that his son, J. E. Polley, and his son-in-law, W. B. May, were insolvent, and that, if this note were collectable, his name made it so. Having said then that he believed all of this paper was good and collectable, that was an admission of his liability on this note, and that the signing of his name to this note was done with his authority.

With that report in evidence, the bank had established by it such an admission by Mr. Polley as entitled it to have its case submitted to the jury, and the court erred in directing a verdict for Mr. Polley.

Judgment reversed.

Whole court sitting.